NOT FOR PUBLICATION
File Name: 05a0507n.06
Filed: June 15, 2005

NO. 04-3613

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,                    ON APPEAL FROM THE
                                      UNITED STATES DISTRICT
v.                                     COURT FOR THE NORTHERN
                                      DISTRICT OF OHIO

BELITA M. BUSH,

     Defendant-Appellant.

_____/

BEFORE: SUHRHEINRICH, BATCHELDER, and GIBSON[*], Circuit Judges.

**SUHRHEIHRICH, J.,** Defendant-Appellant Belita M. Bush, ("Bush"), appeals from the sentence imposed by the district court following her plea agreement with the government, in which she pled guilty to wire fraud, mail fraud, and health care fraud, stemming from theft of funds from her employment. She claims the district court's two-level enhancement under the federal Sentencing Guidelines for abuse of a position of trust violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, ___U.S. ___, 124 S.Ct. 2531 (2004), because it was not based on facts admitted by her or proven beyond a reasonable doubt by a jury. In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), we **VACATE** Bush's sentence and **REMAND** to the district court for re-sentencing.

_____

[*]The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**I.**

From November 1998 to May 2002, Bush was employed as a billing/payroll manager by Nurses Calling, and as of mid-2001, by its successor, Personal Touch Home Care, ("Personal Touch"), companies that provide home health visits to patients. Bush worked at Personal Touch offices within the Northern District of Ohio; however, Personal Touch was headquartered in Bayside, New York.

Bush devised a scheme to defraud Personal Touch and numerous federal health care programs by creating false and fraudulent time sheet computer entries representing home health visits that never occurred, and by using these time sheets to generate paychecks to nurses and aides. When Bush received the paychecks, she deposited them in her own account. Personal Touch then received the fraudulent data in New York and unknowingly generated bills to patients' health insurance companies, including Medicaid, Veterans Affairs, Passport and Ryan White programs, for visits that were never provided.

As a result of this fraud, Bush caused a loss of approximately $78,000 to Medicaid, Veterans Affairs, Passport, and Ryan White; approximately $145,000 to Personal Touch in falsely paid wages that she received; and an indeterminate amount to Personal Touch nurses and aides due to the tax liabilities associated with their inflated reported incomes.

On October 22, 2003, Bush was indicted on four counts of mail fraud, pursuant to 18 U.S.C. § 1341; three counts of wire fraud, pursuant to 18 U.S.C. § 1343; and three counts of health care fraud pursuant to 18 U.S.C. § 1347. On January 14, 2004, she entered into a Rule 11(c)(1) plea agreement with the government, pleading guilty to one count of mail fraud, one count of wire fraud, and one count of health care fraud. The government agreed to dismiss the remaining charges. The

parties agreed that the base offense level under the United States Sentencing Guidelines would be set at 6, pursuant to § 2B1.1; that it would be enhanced twelve levels to 18 due to losses between $200,000 and $400,000, pursuant to § 2B1.1(b)(1)(G); and that there may be a three-level reduction for acceptance of responsibility under § 3E1.1(a). *See* United States Sentencing Commission, Guidelines Manual, §§ 2B1.1, 2B1.1(b)(1)(G) & 3E1.1. The parties further agreed that no other Sentencing Guideline adjustments applied.

As part of its pre-sentence investigation, the Probation Office interviewed Bush, during which she provided information about her training and employment history. The pre-sentence report subsequently set Bush's Criminal History Category at II. It also recommended a four-level increase pursuant to § 2B1.1(b)(2)(B) due to the number of victims, and a two-level increase pursuant to § 3B1.3 because Bush had abused a position of trust.

Bush objected to both enhancements at her sentencing hearing. As to the upward adjustment for abuse of position of trust, she argued that she was not the end in the chain of authority, but rather, that there were others above her who reviewed her billings, both in her office and in the main office in New York. The Court sustained Bush's objection as to the number of victims under § 2B1.1(b)(2)(B), but overruled her objection as to § 3B1.3, stating that the two-level enhancement was warranted because she held a professional or managerial position and possessed a high degree of skill due to her bachelor's degree in health information management and business administration.

Accordingly, the court calculated Bush's sentence by beginning with a base offense level of 6, as per the plea agreement, then added a 12-level enhancement because the total loss was between $200,000 and $4 million, bringing the level to 18. The court also added the two-level adjustment for abuse of trust, bringing the level to 20. Finally, the court granted a three-level reduction for

3

acceptance of responsibility, arriving at a total adjusted offense level of 17. With a Criminal History Category of II and an offense level of 17, the Guidelines range was between twenty-seven (27) and thirty-three (33) months. USSG § Ch. 5 Pt. A, Sentencing Table. The court sentenced Bush to thirty (30) months on each of the three counts, to be served concurrently, and supervised release for three years; and ordered her to pay $145,000 in restitution.

**II.**

On appeal, Bush contends that the district court erred in applying the two-level enhancement for abuse of trust or use of special skill pursuant to USSG § 3B1.3 because she did not admit to holding a position of trust in her plea agreement. The government counters that because Bush admitted both to misappropriating funds from her employer and to having special training as an accountant, she "admitted the facts that supported the court's enhancement" and therefore it was not necessary for her to acquiesce in the enhancement itself.

Even though the district court issued Bush's sentence pre-*Booker*, we review the validity of Bush's Sixth Amendment claim based on *Booker*. *See United States v. Oliver*, 397 F.3d 369, 377 (6th Cir. 2005) (citing *Booker*, ___U.S. at ___, 125 S.Ct. 738, 769) (noting that *Booker*'s interpretation of the federal Sentencing Guidelines applies to all cases pending on direct review)). *Booker* holds that the Sixth Amendment as construed in *Blakely* applies to the federal Sentencing Guidelines, and that under the Sixth Amendment "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756, 769 (reaffirming the rule of *Apprendi*); *Apprendi,* 530 U.S at 490. *Booker* also holds that, given this Sixth Amendment right, the guidelines are advisory,

4

not mandatory. *Booker*, 125 S. Ct. at 765. Here, there is a Sixth Amendment violation because Bush did not admit to, nor did a jury find, the ultimate fact that she held and abused a position of trust. Yet, the district court imposed a two-level sentencing enhancement pursuant to USSG. § 3B1.3.

Since Bush did not properly raise his Sixth Amendment argument in the district court, we review for plain error. *See United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005); *Oliver*, 397 F.3d at 375; *United States v. Milan*, 398 F.3d .445, 450-51 (6th Cir. 2005). This Circuit recently ruled that it is plain error for a defendant "to be sentenced under a mandatory Guidelines regime that has now become advisory." *United States v. Barnett*, 398 F.3d 525, 526 (6th Ct. 2005). We also presume prejudice as to pre-*Booker* sentences absent explicit record evidence to rebut that presumption, *id.* at 526-529, and there is nothing in the record here to rebut that presumption. Finally, given the change in the applicable law, it would be fundamentally unfair to allow Bush's sentence, imposed under a mandatory Guidelines regime, to stand. *See id.* at 530. Therefore, we vacate Bush's sentence and remand to the district court for re-sentencing.

**III.**

In sum, we hold that the district court's mandatory application of the federal Sentencing Guidelines amounted to plain error in this case. We therefore **VACATE** Bush's sentence and **REMAND** for re-sentencing consistent with this opinion and the Supreme Court's decision in *Booker.*